## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT B. FISHBACK,

        Plaintiff,

vs.                                                               No. CIV 12-0533 JB/GBW

HSBC RETAIL SERVICES INC. d/b/a
HSBC FURNITURE ROW; EQUIFAX
INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS
INC.; and TRANS UNION LLC,

        Defendants.

## MEMORANDUM OPINION[1]

**THIS MATTER** comes before the Court on Defendant HSBC Retail Services Inc.'s

Motion to Dismiss Complaint and Memorandum of Points and Authorities in Support Thereof,

filed July 20, 2012 (Doc. 38)("Motion to Dismiss").  The Court held a hearing on September 21,

2012.   The primary issues are: (i) whether Plaintiff Robert B. Fishback's Complaint for

Damages, Declaratory, and Injunctive Relief and Demand for Jury Trial, filed May 17, 2012

(Doc. 1)("Complaint") sufficiently alleges that Defendant HSBC Retail Services Inc. d/b/a

HSBC Furniture Row ("Furniture Row") had investigative and reporting duties under the Fair

Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), where Fishback does not allege that

a consumer reporting agency ("CRA") contacted Furniture Row regarding the dispute; and (ii)

whether Furniture Row sufficiently reported Fishback's dispute under the FCRA's requirements

---

[1] On March 29, 2013, the Court issued an Order in which it denied the Motion to Dismiss, stating: "The Court will . . . at a later date issue an opinion more fully detailing its rationale for this decision."  Doc. 56 at 1 n.1.  This Memorandum Opinion is the promised opinion for the Motion.

such that Fishback cannot state a claim for a violation of the FCRA based on inaccurate reporting. The Court concludes: (i) that Fishback's Complaint alleges sufficient facts to show that a CRA plausibly notified Furniture Row of his dispute, thus triggering Furniture Row's duty to conduct a reasonable investigation; and (ii) that Fishback has plausibly alleged facts supporting the FCRA claim based on Furniture Row's obligation to accurately report credit information after notice of a dispute.

## **FACTUAL BACKGROUND**

This case arises out Fishback's allegation that his credit reports falsely indicate he is jointly liable for a credit account with Furniture Row.

On January 24, 2006, Fishback accompanied his friend, Cristy Peet, to Furniture Row in Las Cruces, New Mexico where Peet intended to purchase furniture. See Complaint ¶ 9, at 3. Fishback informed Peet and a Furniture Row Employee that he would agree to co-sign on a Furniture Row account with Peet for a purchase of a dining room table and chairs, but that he did not want to be jointly responsible with her on an open charge Furniture Row account. See Complaint ¶ 10, at 3.

On the application for the Furniture Row account, Fishback's name, address, and telephone number are provided in the section labeled "Joint Applicant." Furniture Row Express Money Card Program Application (Doc. 22-1)("Application"). Directly below the Joint Applicant section is a section that gives the option of enrolling in a monthly debt cancellation program. Application, at 1. Peet's signature appears in this section on the line above "SIGN HERE TO ENROLL." Application, at 1. Fishback signed the space next to Peet's signature in the optional enrollment section below the statement "NO, I do not wish to enroll at this time" on

the line above "SIGN HERE TO DECLINE."  Application, at 1.  Fishback's signature is crossed out and a line with an arrow is drawn to the signature space designated for "Joint Applicant's Signature."  Application, at 1.  Fishback alleges that someone, without his authority or approval, crossed out his signature and drew the arrow to the joint applicant signature space.  See Complaint ¶ 12, at 3.

Furniture Row then opened a charge Furniture Row account in the names of Peet and Fishback, and began reporting the Furniture Row account to three CRAs -- Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union LLC -- under both Peet and Fishback's names.  See Complaint ¶¶ 13-14, at 3.  Peet fell behind in her payments on the Furniture Row account, and Furniture Row began reporting the Furniture Row account under the names of both Peet and Fishback as late and then as charged-off.[2]  See Complaint ¶ 16, at 4.

In July 2010, Fishback discovered that Furniture Row reported to CRAs that he is liable for the Furniture Row account.  See Complaint ¶ 18, at 4.  Fishback wrote several letters to Experian Information, Equifax Information, and Trans Union, with copies sent to Furniture Row, in which he stated that he did not intend to be jointly liable on the Furniture Row account and asked them to investigate the matter.  See Complaint ¶¶ 30, 41, 42, 50, 51, 52, at 6-10.

Trans Union sent three responses to Fishback's request for an investigation.  See Complaint ¶¶ 37, 49, 60 at 7-12.  Trans Union first responded to Fishback on May 21, 2011, that it had completed its investigation, and would continue to report the Furniture Row account as belonging to Fishback and charged-off.  See Complaint ¶ 37, at 7.  Fishback's credit report

---

[2] See In re Sears, Roebuck and Co. Securities Litig., 291 F. Supp. 2d 722, 724 n.2 (N.D. Ill. 2003)("A 'charge-off' is a write-off of a delinquent balance as uncollectible.").

through Trans Union included notations regarding the Furniture Row Account, which stated: "PAYMENT AFTER CHARGE OFF/COLLECTION," and "ACCT INFO DISPUTED BY CONSUMER." Complaint ¶ 37, at 7. Trans Union's second response dated November 16, 2011, was similar, but Trans Union revised the report notations to read: "Account paid in Full; was a Charge-off," and "DISPUTE RESLVD - CUST DISAGREES." Complaint ¶ 49, at 9. In Trans Union's third response to Fishback dated February 24, 2012, Trans Union stated that it verified that the Furniture Row Account was accurate and would not reinvestigate unless Fishback provided it with court papers or an authentic letter from Furniture Row explaining what should be updated. See Complaint ¶ 60, at 12.

Equifax Information responded to Fishback that, after completing its investigation, it would continue to report the Furniture Row account as charged-off and belonging to Fishback. See Complaint ¶ 39, at 7. Equifax Information informed Fishback that it would note in its reporting that "Consumer Disputes this Account Information." Complaint ¶ 39, at 7. After Fishback's second letter, Equifax Information responded similarly, but stated that it would note in its reporting "Consumer Disputes After Resolution." Complaint ¶ 50, at 9. Equifax Information's third response stated that it would note in its reporting "Consumer Disputes This Account Information." Complaint ¶ 63, at 12.

Experian Information responded to Fishback that it was unable to change its information as Fishback requested, and it would be contacting the furnisher of the disputed information. See Complaint ¶ 61, at 12. In Experian Information's second response to Fishback, it informed him that it had completed its investigation and would continue to report the Furniture Row account as Fishback's. See Complaint ¶ 62, at 12.

- 4 -

Fishback alleges that the CRA's reporting of the charged-off Furniture Row account caused him several injuries: (i) credit denial; (ii) damage to his credit score; (iii) damage to his reputation for creditworthiness; (iv) lost time; (v) out-of-pocket expenses; (vi) emotional distress; (vii) humiliation and embarrassment; and (viii) aggravation and frustration.  See Complaint ¶ 69, at 13.  Fishback seeks damages and declaratory and injunctive relief.  See Complaint ¶¶ A-F, at 16-17.

**PROCEDURAL BACKGROUND**

Fishback brings this action against Furniture Row, Equifax Information, Experian Information, and Trans Union.  See Complaint ¶ 1, at 1.  Fishback alleges that the CRAs' reporting of the Furniture Row account on his credit report was improper.  See Complaint ¶ 1, at 1.  Fishback brings four counts against the Defendants.  See Complaint ¶¶ 70-85, at 14-16. Fishback's first count alleges Furniture Row violated the FCRA.  See Complaint ¶¶ 70-73, at 14. The second count alleges the CRAs violated the FCRA.  See Complaint ¶¶ 74-78, at 14-15.  The third count alleges all defendants violated the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1 – 57-12-26 ("UPA").  See Complaint ¶¶ 79-83, at 16.  The fourth count alleges that Furniture Row engaged in tortious debt collection practices.  See Complaint ¶¶ 84-85, at 16.

Furniture Row moves, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Fishback's Complaint for failure to state any viable cause of action against it.  See Motion to Dismiss, at 1.  Specifically, Furniture Row seeks dismissal of Fishback's three counts against it for violations of the FCRA, the UPA, and tortious debt collection.  See Motion to Dismiss at 1-2.  Furniture Row argues for the dismissal of Fishback's first cause of action for violation of the FCRA on two grounds.  See Motion to Dismiss at 3-4.  First, Furniture Row

asserts that there is no private cause of action under 15 U.S.C. § 1681s-2(a) of the FCRA and, therefore, the Court should dismiss Fishback's claims based on alleged inaccurate reporting.  See Motion to Dismiss at 3.  Second, Furniture Row argues that Fishback's claim based on an alleged failure to conduct an investigation fails, because Fishback did not plead that a CRA contacted Furniture Row regarding the dispute, which is necessary to trigger Furniture Row's duty to conduct an investigation.  See Motion to Dismiss at 4-5.  Furniture Row also moves for the dismissal of the count for violations of the UPA on the ground that Fishback did not allege any actionable conduct by Furniture Row.  Furniture Row further moves for the dismissal of the count for tortious debt collection on the grounds that Furniture Row's actions were not offensive. See Motion to Dismiss at 5-6.

On July 30, 2012, Fishback filed the Plaintiff's Opposition to HSBC Retail Services Inc. d/b/a/ HSBC Furniture Row's Motion to Dismiss.  See Response at 1.  Fishback agreed to dismiss his state law claims against Furniture Row for violations of the UPA and tortious debt collection on the grounds that the United States Court of Appeal for the Tenth Circuit has indicated that the FCRA preempts these claim.  See Response at 10.  Fishback contends that § 1681s-2(b) of the FCRA provides a private right of action.  See Response at 3.  Fishback further argues that he is not required to plead that a CRA notified Furniture Row of his dispute.  See Response at 9.

On August 30, 2012, Furniture Row filed HSBC's Reply in Support of Defendant HSBC Retail Services Inc.'s Motion to Dismiss Complaint.  See Doc. 42 ("Reply").  Furniture Row contends that, even if Fishback brings the count for violations under § 1681s-2(b) of the FCRA, he fails to state a claim for relief based on inaccurate reporting, because Furniture Row reported

the dispute.  See Reply at 3-4.  Furniture Row continues to assert that the Court should dismiss Fishback's claim based on an alleged failure to conduct an investigation, because Fishback did not allege that a CRA notified Furniture Row of the dispute.  See Reply at 2.

The Court held a hearing September 21, 2012.  See Transcript of Hearing (taken Sept. 21, 2012)(Court)("Tr.").[3]  At the hearing, Furniture Row and Fishback agreed that the only issue for the Court to resolve regarding the Motion to Dismiss is whether Fishback has a valid claim under 15 U.S.C. § 1681s-2(b).  See Tr. at 3:17-21 (Harrison); id. at 13:6-9 (Court, Treinen).  Furniture Row asserted that two elements of Fishback's FCRA claim are at issue: (i) Furniture Row's alleged failure to conduct a reasonable investigation; and (ii) Furniture Row's alleged failure to accurately report the status of Fishback's dispute to the CRAs.  See Tr. at 3:23-25 (Harrison); id. at, 4:1-2 (Harrison).  Fishback agreed that these issues were the only issues for the Court to resolve.  See Tr. at 13:6-9 (Court, Treinen).

Regarding Fishback's allegation that Furniture Row failed to conduct a reasonable investigation, Furniture Row argued that Fishback does not have a private right of action under 15 U.S.C. § 1681s-2(b), unless a CRA notified Furniture Row of the dispute and, because Fishback does not specifically plead that a CRA notified Furniture Row, Fishback has failed to state a claim for which relief can be granted.  See Tr. at 4:3-18 (Harrison).  Furniture Row argued that Pinson v. Equifax Credit Info. Servs., 316 F. A'ppx 744 (10th Cir. 2009), requires the plaintiff to "plead specifically that notice was received from the credit reporting agency to

---

[3] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

the furnisher." Tr. at 34:1-2 (Harrison). Fishback argued that requiring a plaintiff to plead that a CRA notified the furnisher of the disputed information of the dispute is problematic, because the plaintiff has no way of knowing this information when a complaint is filed. See Tr. at 15: 12-14 (Treinen). Fishback also asserted that the FCRA's language and Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138 (10th Cir. 2012), support Fishback's position that pleading notification by a CRA to a furnisher is not required. See Tr. at 16:5-15 (Treinen). Furniture Row argues that Sanders v. Mountain Am. Fed. Credit Union does not address what is required to be in the complaint. See Tr. at 29:8-9 (Harrison). Furniture Row also responded that, despite a consumer's limited knowledge of the notification by a CRA to the furnisher of the disputed information, the statutory requirement that a CRA notify the furnisher of the dispute provides a good-faith basis for pleading the notification as a direct allegation. See Tr. at 30:5-12 (Harrison).

Regarding Fishback's allegation that Furniture Row failed to accurately report the dispute to the CRAs, Furniture Row argued that the Court should dismiss Fishback's cause of action based on the alleged failure of Furniture Row to accurately report Fishback's dispute to the CRAs, because Furniture Row accurately reported the dispute. See Tr. at 12:20-23 (Court, Harrison). Furniture Row asserted that it accurately reported the status of Fishback's dispute by reporting to the CRAs that the dispute regarding Fishback's Furniture Row account "was resolved and that the customer disagrees."[4] Tr. at 6:13-15 (Harrison). Furniture Row argues that

---

[4] Although the language that the CRAs use in the credit reports regarding the account differs, Furniture Row asserts that there is no material difference with the credit reports, and that all the CRAs essentially reported that the dispute was resolved, but that the customer continues to disagree. See Tr. at 6:3-5 (Harrison); id. at 11:15-23 (Court, Harrison); Complaint ¶ 50, at 9 (Equifax Information noted on Fishback's credit report: "Consumer Disputes After Resolution");

- 8 -

this statement was a longer way of saying that the Furniture Row account was still in dispute. See Tr. at 7:16-18 (Harrison). Furniture Row maintains that this language is accurate, because it reflects that the customer continues to dispute the Furniture Row account while at the same time notifying the CRAs that Furniture Row believed the issue to be resolved. See Tr. at 10:18-21 (Harrison). Fishback argued that technical accuracy is not enough to satisfy the FCRA's requirements, which he argues is supported by Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009) and Saunders v. Branch Banking & Trust Co., 526 F.3d 142 (4th Cir. 2008). See Tr. at 31:9-10 (Treinen). Fishback argued that the particular language in the credit reports is inaccurate, incomplete, and internally inconsistent. See Tr. at 32:5-7 (Treinen). Fishback further asserted that the credit report's language indicates that the dispute is without merit and that Fishback is financially irresponsible, which he contended is incomplete and inaccurate. See Tr. at 26:1-4 (Treinen).

Fishback submitted a Notice of Supplemental Authority, filed October 3, 2012 (Doc. 49)("First Supplemental Authority"). Fishback provided notice of a recent decision by the United States Court of Appeals for the Sixth Circuit, Boggio v. USAA Fed. Savings Bank, 696 F.3d 611 (6th Cir. 2012). See First Supplemental Authority at 1. Fishback argues that Boggio v. USAA Fed. Sav. Bank provides support for his position that Furniture Row's reporting of Fishback's dispute as "DISPUTE RESLVD – CUST DISAGREES" and "Consumer Disputes After Resolution" are violations of the FCRA, because another circuit, in addition to the United States Courts of Appeals for the Ninth and Fourth Circuits, has adopted the construction of §

---

Complaint ¶ 49, at 9 (Trans Union noted on Fishback's credit report: "DISPUTE RESLVD - CUST DISAGREES.").

1681s-2(b) that "'§ 1681s-2(b)(1)(D) is violated if a report of an investigation, although it contains correct information, nevertheless provides information in such a manner as to create a materially misleading impression.'"   First Supplemental Authority at 1-2 (quoting Boggio v. USAA Fed. Sav. Bank, 696 F.3d at 617).

Fishback has also notified the Court of a recent decision by the United States District Court for the Southern District of Indiana, Walton v. Chase Home Finance, LLC, No. 1:11-CV-00417, 2012 WL 6596879 (S.D. Ind. Dec. 18, 2012).   See Plaintiff's Second Notice of Supplemental Authority, filed January 7, 2013 (Doc. 53)("Second Supplemental Authority"). Fishback argues that Walton v. Chase Home Finance, LLC is critical of an argument similar to Furniture Row's argument that the Court should dismiss Fishback's because Fishback did not specifically allege that CRAs notified Furniture Row of Fishback's disputes, despite Furniture Row's possession of documents showing that it received notice from a CRA.   See Second Supplemental Authority at 1-2.   Fishback points to the court's rejection in Walton v. Chase Home Finance, LLC of Furniture Row's argument as "plainly counterfactual," and notes that the court was "'troubled by the fact that Chase advanced an argument it knew was contradicted by the facts, and by documents in its own possession'" for support of rejecting Furniture Row's similar argument.   Second Supplemental Authority at 2 (quoting Walton v. Chase Home Finance, LLC, 2012 WL 6596879, at *11).

Fishback also asserts that the decision which the United States District Court for the Northern District of California made in Abdelfattah v. Carrington Mortg. Servs. LLC, No. C-12-04656, 2013 WL 495358 (N.D. Cal. Feb. 7, 2013), "squares with Mr. Fishback's argument that by reporting the disputes as 'resolved' -- even though HSBC also reported that Mr. Fishback still

disagrees or still disputes -- HSBC violated § 1681s-2(b)(1)(D)."  Plaintiff's Third Notice of Supplemental Authority at 2, filed March, 5, 2013 (Doc. 54)("Third Supplemental Authority"). Fishback argues that Abdelfattah v. Carrington Mortg. Servs. LLC is "further evidence of the trend in the case law to interpret 15 U.S.C. § 1681s-2(b)(1)(D) expansively."   Third Supplemental Authority at 1.

Furniture Row argues that Abdelfattah v. Carrington Mortg. Servs., LLC does not support Fishback's assertion that Furniture Row violated the FCRA by reporting Fishback's dispute resolved, but that Fishback continues to dispute the account.  See HSBC's Response to Plaintiff's Third Notice of Supplemental Authority at 1, filed March 12, 2013 (Doc. 55)("Response to Third Supplemental Authority").  Furniture Row argues that Abdelfattah v. Carrington Mortg. Servs. LLC has no bearing on the issue before the Court, because the furnisher in that case "knowingly reported inaccurate information regarding the amount of debt," whereas Furniture Row's reporting "accurately reflects the fact that HSBC investigated Fishback's dispute but that Fishback disagrees with the results of that investigation."   Response to Third Supplemental Authority at 2.

On April 8, 2013, Fishback notified the Court of Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013), a recent decision by the Tenth Circuit. See Fourth Notice of Supplemental Authority, filed April, 8, 2013 (Doc. 57)("Fourth Supplemental Authority"). Fishback asserts that Llewellyn v. Allstate Home Loans, Inc., in which the Tenth Circuit adopted the construction of § 1681s-2(b)(1)(D) as extending to information that creates a materially misleading impression, provides controlling authority on the issue whether Furniture Row's "reporting that Mr. Fishback's disputes had been 'resolved' violates the Fair Credit Reporting

Act."  Fourth Supplemental Authority at 1.  Fishback asserts that Llewellyn v. Allstate Home

Loans, Inc. supports his position that Furniture Row's reporting was incomplete and misleading

in violation of the FCRA.  See Fourth Supplemental Authority at 2.

## LAW REGARDING RULE 12(b)(6)

The court may dismiss a complaint for "failure to state a claim upon which relief can be

granted" under rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion

tests the sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).  The sufficiency

of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must

accept as true all well-pleaded factual allegations in the complaint, view those allegations in the

light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's

favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a

reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would

the defendant prevail on a motion to dismiss.");  Smith v. United States, 561 F.3d 1090, 1098

(10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-

pleaded factual allegations in a complaint and view these allegations in the light most favorable

to the plaintiff.")(quoting Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir.2006)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers

labels and conclusions or a formulaic recitation of the elements of a cause of action" is

insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.  "Factual

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citation omitted).

A complaint sufficiently states a claim for relief where the plaintiff pleads sufficient facts that, if assumed to be true, state a facially plausible claim. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)("To determine whether a motion to dismiss was properly granted, we apply a plausibility standard to ascertain whether the complaint includes enough facts that, if assumed to be true, state a claim to relief that is plausible on its face.").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted).  The Tenth Circuit explains:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)(internal citations omitted).  The plausibility requirement serves to "weed out claims that do not (in the absence of additional allegations) have a reasonable prospect

of success" as well as "inform the defendants of the actual grounds of the claim against them."

Robbins v. Oklahoma, 519 F.3d at 1248.

**RELEVANT LAW REGARDING THE FAIR CREDIT REPORTING ACT**

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."   Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007).   The FCRA addresses chief legislative concerns, such as "the accuracy of consumer reports and problems associated with resolving disputed information."   S. Rep. No. 104-185, at 18 (1995).   In enacting the FCRA, Congress "creat[ed] a system intended to give consumers a means to dispute -- and, ultimately, correct -- inaccurate information on their credit reports."   Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 431 (4th Cir. 2004).   The Senate Committee on Banking, Housing, and Urban Affairs stated: "[B]ringing furnishers of information under the provisions of the FCRA is an essential step in ensuring the accuracy of consumer report information."   S. Rep. No. 104-185, at 49.

1.     **The FCRA Imposes Duties Upon Furnishers of Disputed Information When They Receive Notification of a Dispute from a CRA.**

The FCRA places certain duties upon furnishers of credit information.   A furnisher of information is "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies."   Jarrett v. Bank of Am., 421 F. Supp. 2d 1350, 1352 n.1 (D. Kan. 2006).   Section 1681s-2(a) requires that furnishers provide accurate information to CRAs.   15 U.S.C. § 1681s-2(a).   Section 1681s-2(b) imposes a duty on furnishers after receiving notice of a consumer dispute from a CRA to investigate and report incomplete and inaccurate information to CRAs.   DiMezza v. First USA Bank, 103 F. Supp. 2d 1296, 1299 (D.N.M. 2000)(Vasquez, J.).   Title 15 of the United States Code, §§ 1681n(c) and 1681o(b),

provide a private right of action against CRAs and furnishers of credit information that do not comply with the FCRA willfully or negligently, absent explicit exception.  Section 1681s-2(a) "exclusively limits enforcement of the accurate information provisions under § 1681s–2(a) to federal and state officers."  DiMezza v. First USA Bank, 103 F. Supp. 2d at 1299.  A consumer can bring a private cause of action against the furnisher for violations of § 1681s-2(b).  DiMezza v. First USA Bank, 103 F. Supp. 2d at 1299.

After a CRA notifies a furnisher of a consumer dispute regarding the completeness or accuracy of information that the furnisher previously provided, the furnisher is obligated to conduct an investigation with respect to the disputed information, review all relevant information the CRA provided, and report the results of the investigation to the CRA.  See 15 U.S.C. § 1681s-2(b)(1)(A)-(C).  If the investigation reveals that the information is incomplete or inaccurate, the furnisher must report those results to all other CRAs that compile and maintain files on consumers on a nationwide basis to which the furnisher supplied the information.  See 15 U.S.C. § 1681s-2(b)(1)(D).  The furnisher must modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.  See 15 U.S.C. § 1681s-2(b)(1)(E).  A consumer can bring a cause of action through FCRA's civil liability sections, 15 U.S.C. §§ 1681n and 1681o based upon a furnishers' willful or negligent failure to perform these duties after a CRA notifies the furnisher of a consumer dispute.  See DiMezza v. First USA Bank, 103 F.Supp.2d at 1300.

"When the furnisher receives notice of a dispute from the credit reporting agency, it must perform the verification and correction duties described in 15 U.S.C. Section 1681s-2(b)."  Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1147 (10th Cir. 2012).  These

duties do not arise until after a CRA notifies a furnisher of a dispute.  See Pinson v. Equifax Credit Info. Servs., 316 F. A'ppx 744, 751 (10th Cir. 2009)(unpublished).[5]  Notice directly from a consumer does not give rise to these duties.  See Pinson v. Equifax Credit Info. Servs., 316 F A'ppx at 751.  When a consumer contacts a CRA to dispute information on a credit report, the CRA is obligated to contact the furnisher of the information.  See 15 U.S.C. § 1681i(a)(2).  "The FCRA does not require a CRA to tell a consumer when it notifies a furnisher of information about the consumer's dispute."  Lang v. TCF Nat'l. Bank, 249 F. A'ppx. 464, 466 (7th Cir. 2007)(emphasis in original)(unpublished).  The consumer cannot recover under § 1681s-2(b) if they do not initiate the process for recovery by notifying a CRA of the dispute.  See Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d at 1147.

Where a plaintiff has not alleged that CRAs were notified of disputed credit information, the Tenth Circuit has found that the plaintiff did not sufficiently allege that the furnishers of the disputed information had  a duty under 15 U.S.C. § 1681s-2(b).  See, e.g., Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d at 1147 (holding that a district court properly dismissed a plaintiff's FCRA claim because the plaintiff did not allege notification of the dispute to a CRA); Pinson v. Equifax Credit Info. Servs., 316 F. A'ppx at 751 (holding that plaintiffs failed to state a

---

[5] Pinson v. Equifax Credit Info. Servs. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."  United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Pinson v. Equifax Credit Info. Servs. has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

claim for relief under the FCRA because they alleged only that they notified a furnisher -- not a CRA -- of a dispute).  In Pinson v. Equifax Credit Info. Servs., the Tenth Circuit affirmed the district court's dismissal of the Pinsons' FCRA claim for failing to state a claim for relief, because the Pinsons alleged that they notified only the furnisher of the disputed information, Capital One, of their dispute and not any CRAs.  See 316 F. A'ppx. at 751.  The Pinsons notified a CRA in 2003 of one instance of reporting false or inaccurate information.  See Pinson v. Equifax Credit Info. Servs., No. 06-CV-162-GKF-SAJ, 2008 WL 906222, at *3 (N.D. Okla. Mar. 31, 2008).  The district court did not consider the 2003 notification to the CRA in the Pinsons' complaint, because the Pinsons filed their cause of action in 2006, putting the notice outside of the two-year statute of limitations of 15 U.S.C. § 1681p.  See 2008 WL 906222 at *3. Because a furnisher's duties arise only after notification of a dispute by a CRA, and the Pinsons' complaint did not allege that they notified a CRA within the statute of limitations, the Pinsons' complaint failed to state a claim under the FCRA.  See Pinson v. Equifax Credit Info. Servs., 316 F. A'ppx at 751.  In Sanders v. Mountain Am. Fed. Credit Union, the Sanders alleged that the defendant, Mountain America, incorrectly reported that the Sanders opened twelve new accounts and was liable for damages under the FCRA for the erroneous reporting.  See 689 F.3d at 1147. The Tenth Circuit affirmed the district court's conclusion that the Sanders did not have a claim under the FCRA, because they did not allege that they notified a CRA of the dispute with the credit information that Mountain America furnished.  See Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d at 1147.  See also Llewellyn v. Shearson Fin. Network, 622 F. Supp. 2d 1062, 1072-73 (D. Col. 2009)(finding that a plaintiff failed to state a claim for a FCRA violation against a furnisher, because the plaintiff did not allege "that he notified a credit reporting agency

of his dispute over [the furnisher]'s information, and that the credit reporting agency supplied [the furnisher] with notice of that dispute").  As the plaintiffs in these cases had not notified a CRA of the dispute, a CRA could not have notified the furnisher of the disputed information to trigger the furnisher's duties under the FCRA.

The United States Court of Appeals for the Seventh Circuit has held that a plaintiff sufficiently stated a claim for a violation of the FCRA against a furnisher where the plaintiff contacted a CRA regarding the dispute, although the plaintiff but did not allege that the CRA contacted the furnisher of the disputed information.  See Lang v. TCF Nat'l Bank, 249 F. A'ppx 464, 466-67 (7th Cir. 2007)(unpublished).  The Seventh Circuit found that the plaintiff's allegations were sufficient to provide notice of the claim to the furnisher, TCF National Bank, because the plaintiff asserted that he told a CRA of the dispute, that TCF Bank refused to investigate or correct the false report, and that TCF Bank violated the FCRA.  See Lang v. TCF Nat'l Bank, 249 F. A'ppx at 466.  The Seventh Circuit noted a practical reason for not requiring the plaintiff to allege that a CRA notified the furnisher: the CRA is not required to notify the consumer that it has contacted the furnisher, and, thus, "a consumer may not, at the time of filing a complaint, be in a position to allege that notification."  Lang v. TCF Nat'l Bank, 249 F. A'ppx at 466.  The Seventh Circuit found that the plaintiff's "recovery under the FCRA is plausible, which is all that notice pleading requires."  Lang v. TCF Nat'l Bank, 249 F. A'ppx at 467 (emphasis in original).  See Huber v. Trans Union, LLC, No. 11-CV-139, 2012 WL 3045686 at *3 (S.D. Ind. July 25, 2012)(unpublished)("If a plaintiff alleges that she notified a CRA that she disputed specific information . . . she need not also allege that the CRA notified the information furnisher of the dispute because it is the CRAs obligation under the law to do so.").

**2.      Duty of a Furnisher to Accurately Report a Dispute Under Section 1681S-2(B) of the FCRA.**

After the furnisher receives notice of a dispute from a CRA, § 1681s-2(b) requires the furnisher to report the results of its investigation into the dispute to the CRA and, "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information." 15 U.S.C. § 1681s-2(b). "The purpose of § 1681s-2(b) is to require furnishers to investigate and verify that they are in fact reporting complete and accurate information to the CRA's after a consumer has objected to the information in his file." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1164 (9th Cir. 2009).

The Tenth Circuit recently stated:

> [A]s several of our sister circuits have explained, the FCRA's requirement that furnishers of information correct "incomplete or inaccurate" information, 15 U.S.C. § 1681s–2(b)(1)(D), extends not only to false information, which "is clearly inaccurate," but to information provided "in such a manner as to create a materially misleading impression" as well.

Llewellyn v. Allstate Home Loans, Inc., 711 F.3d at 1186 (citing Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 617 (6th Cir. 2012)). See Saunders v. Branch Banking & Trust Co., 526 F.3d at 148 ("[A] consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression."); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d at 1163 (holding that a credit report may be deemed "'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected

to adversely affect credit decisions'")(quoting <u>Sepulvado v. CSC Credit Servs.</u>, 158 F.3d 890, 895 (5th Cir. 1998)).[6]

An accurate statement may be misleading if it can reasonably be interpreted in an inaccurate, adverse manner.   <u>See</u> <u>Pinner v. Schmidt</u>, 805 F.2d 1258, 1262-63 (5th Cir. 1986)(finding that the statement "litigation pending" on a plaintiff's credit report could have been interpreted as indicating that a furnisher brought a suit against the plaintiff, when the reverse was accurate); <u>Dalton v. Capital Assoc'd Indus., Inc.</u>, 257 F.3d 409, 415-16 (4th Cir. 2001)(finding a genuine issue of material fact existed regarding the accuracy of a plaintiff's credit report where a jury could reasonably interpret the report as indicating that the plaintiff was convicted of a felony, although the plaintiff had actually pled guilty to a misdemeanor).   In <u>Pinner v. Schmidt</u>, the United States Court of Appeals for the Fifth Circuit affirmed a jury verdict finding that a CRA had breached its statutory duty under the FCRA to follow reasonable procedures to assure the maximum possible accuracy of a consumer's credit report where "any person could easily have construed the notation 'Litigation Pending' as an indication that the plaintiff was being sued by [the furnisher], while the actual situation was the reverse."  805 F.2d at 1262.   The Fifth Circuit stated that "[i]t would have been a simple matter to prevent this ambiguity" particularly in light of the CRA's knowledge of the dispute.  805 F.2d at 1263.  In <u>Dalton v. Capital Assoc'd Indus., Inc.</u>, Richard Dalton alleged that a CRA inaccurately reported his criminal history, which included a guilty plea to a misdemeanor, by reporting: "Felony --

---

[6] The court in <u>Shames-Yeakel v. Citizens Fin. Bank</u> noted that many of the courts using this standard have applied it to the credit bureaus' duty to report accurately under 15 U.S.C. § 1681e(b), but that the standard is analogous to the standard for accuracy applied to furnishers under § 1681s-2(b) of the FCRA.  <u>See</u>  677 F. Supp. 2d at n.13.

Third degree assault -- 1/26/94 -- Guilty -- 710 days suspended sentence, 20 days jail sentence, 2 years probation." 257 F.3d at 415-16. The United States Court of Appeal for the Fourth Circuit stated that a jury could reasonably conclude that "the report indicates that Dalton was guilty of a felony" and, therefore, "inaccuracy would be established because it is undisputed that Dalton pled guilty to a misdemeanor." 257 F.3d at 416.

The duty to report a dispute does not extend to meritless disputes, "because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d at 1163. Failing to report a bona fide dispute is materially misleading, because it creates the impression that the consumer is financially responsible for a debt for which the consumer may not actually be responsible. See Saunders v. Branch Banking & Trust Co., 526 F.3d at 149-50 ("[I]f a consumer has a meritorious dispute . . . the consumer's failure to pay the debt does not reflect financial irresponsibility."). "It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b)." Saunders v. Branch Banking & Trust Co., 526 F.3d at 149-50. If this duty were required for meritless disputes, a consumer could prevent a genuine debt from impairing the consumer's credit reputation by indefinitely disputing the debt.

Some courts have noted that whether credit information is materially misleading is a question for the fact finder. See, e.g., Gorman v. Wolpoff & Abramson, LLP, 584 F.3d at 1163 ("The consumer must still convince the finder of fact that the omission of the dispute was 'misleading in such a way and to such an extent that [it] can be expected to have an adverse effect.'" (quoting Saunders v. Branch Banking & Trust Co., 526 F.3d at 150)); Krajewski v. Am.

- 21 -

Honda Fin. Corp., 557 F. Supp. 2d 596, 615 (E.D. Pa. 2008)(finding that whether a credit report was accurate depended on the meaning of "repossession" as used in the report and, given the definitions of repossession, a reasonable jury could conclude that the CRA's reporting could be so misleading as to be inaccurate).

## ANALYSIS

Fishback has sufficiently alleged a violation of the FCRA.  First, the factual allegations of the Complaint, taken as true, support a plausible inference that a CRA notified Furniture Row of the dispute.  This notification would have triggered Furniture Row's duties under § 1681s-2(b) of the FCRA, which are the basis for Fishback's first claim for relief.  The Court will, thus, not dismiss Fishback's first claim for relief.  Second, Fishback plausibly alleges that Furniture Row failed to accurately report his dispute to a CRA.  Furniture Row had a duty to verify Fishback's debt information, and to report any incomplete or inaccurate information.  Fishback has plausibly alleged that his dispute has merit, and that Furniture Row's notation of the dispute resolution and Fishback's continued disagreement is misleading to the extent that it is considered inaccurate under the FCRA.

I.    **FISHBACK HAS PLAUSIBLY ALLEGED THAT A CRA NOTIFIED FURNITURE ROW OF THE DISPUTE, WHICH TRIGGERED FURNITURE ROW'S DUTIES UNDER THE FCRA.**

Furniture Row argues that Fishback is required to allege in the Complaint that a CRA notified Furniture Row of the dispute.  Furniture Row contends that, without notification by a CRA, it had no duty to conduct an investigation under the FCRA and, therefore, Fishback failed to state a claim upon which relief can be granted for a violation of the FCRA, because he did not allege that a CRA notified it.  Fishback points to Walton v. Chase Home Fin., LLC as support for

showing that Furniture Row's argument is troubling and counterfactual, because Furniture Row makes this argument while also in possession of documents showing that a CRA notified Furniture Row of the dispute.   See Second Supplemental Authority at 2.   Furniture Row contends, therefore, not that its duty under the FCRA was not triggered, but that Fishback has not sufficiently pled the existence of Furniture Row's duty.

A furnisher's duties under the FCRA are not triggered until a CRA notifies the furnisher of a dispute.   See Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d at 1147.   Thus, the existence of Furniture Row's duty as a furnisher under the FCRA is essential to Fishback's claim.   As neither the CRAs nor the furnisher are obligated to notify a consumer when a CRA notifies the furnisher of the dispute, only the CRAs and furnisher, and not the complaining consumer, know whether the CRA notified the furnisher.   "Complaints cannot be based on generalities, but some latitude has to be allowed where a claim looks plausible based on what is known."   Pruell v. Caritas Christi, 678 F.3d 10, 15 (1st Cir. 2012).   A consumer disputing credit information knows only his own action initiating the dispute process under the FCRA.   Without further discovery, the consumer does not know whether the triggering event -- a CRA notifying the furnisher of the dispute -- occurred.

Although Pinson v. Equifax Credit Info. Servs. and Sanders v. Mountain Am. Fed. Credit Union do not state explicitly what must be pled to sufficiently plead that a furnisher's FCRA duties were triggered, they require that the plaintiff at least plead notification of the dispute to a CRA.   Fishback alleges that he notified CRAs -- Equifax Information, Experian Information, and Trans Union -- of his dispute.   At that point, the CRAs were obligated under 15 U.S.C. § 1681i(a)(2) to notify Furniture Row of Fishback's dispute.   Fishback was not in a position to

know whether one of these CRAs notified Furniture Row of the dispute.   The Complaint does

not allege or imply that the CRAs failed to notify Furniture Row.  Fishback wrote to Trans Union

and Equifax Information regarding his dispute three times, and to Experian Information once, for

a total of seven notifications of his dispute to CRAs.  See Complaint ¶¶ 32, 33, 43, 45, 55, 56,

58, at 6-12.  Only one of the CRAs would have had to notify Furniture Row according to 15

U.S.C. § 1681i, in response to one of Fishback's seven notifications, to trigger Furniture Row's

duties under 15 U.S.C. § 1681s-2(b).

       In considering whether Fishback's FCRA claim against Furniture Row survives a

12(b)(6) motion, the Court must accept as true all well-pled factual allegations that Fishback

made in the Complaint, view those allegations in the light most favorable to Fishback, and draw

all reasonable inferences in Fishback's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,

551 U.S. at 322; Smith v. United States, 561 F.3d at 1098.  "'Inferences' are deductions or

conclusions that reason and common sense lead you to draw from facts established by the

evidence in the case."  3 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Fed. Jury

Prac. & Instr. § 104:20, at 167 (6th ed. 2011).  See Tenth Cir. Pattern Jury Instructions Criminal

1.07 at 15 ("An inference is a conclusion that reason and common sense may lead you to draw

from facts which have been proved.").   "The strength of an inference cannot be decided in a

vacuum.   The inquiry is inherently comparative: How likely is it that one conclusion, as

compared to others, follows from the underlying facts?"  Tellabs, Inc. v. Makor Issues & Rights,

Ltd., 551 U.S. at 323.  Inference from the factual allegations that a CRA notified Furniture Row

of Fishback's dispute requires that the Court infer only lawful, statutorily required conduct by

the CRAs.  That a CRA would have followed statutory instruction in its investigation procedures

by notifying Furniture Row of Fishback's dispute is a logical conclusion to draw in Fishback's favor, especially as Furniture Row has presented no evidence and made no allegation to the contrary.

Factual allegations support the inference that a CRA notified Furniture Row of the dispute. In a letter dated November 15, 2011, Furniture Row informed Fishback that it had "received and processed multiple disputes regarding this Account." Complaint ¶ 47, at 9. By that time, Fishback had twice sent Furniture Row copies of the letters to the CRAs. See Complaint ¶¶ 31, 42, at 6-8. It is possible that Furniture Row was referring either to Fishback's communications or to the CRAs' notifications of Fishback's dispute. In Experian Information's letter to Fishback dated February 29, 2012, Experian Information stated: "We are contacting the furnisher of the information." Complaint ¶ 61, at 12. At least one CRA intended to notify Furniture Row of the dispute. All three CRAs made statements in letters to Fishback to the effect that they had completed their investigations of Fishback's dispute. See Complaint ¶¶ 37, 39, 49, 50, 60, 62, 63, at 7-12. It would be reasonable to consider notification to a furnisher as an aspect of a CRA's investigation procedure, because the requirement of a CRA to notify the furnisher is located in a subsection of the provision of the FCRA describing the procedure in case of disputed accuracy. See 15 U.S.C. § 1681i.

The CRAs stated in letters that they performed investigations, Experian stated that it intended to contact Furniture Row, the CRAs were statutorily obligated to contact Furniture Row after notification of Fishback's dispute, and Fishback contacted all three of the CRAs. Drawing all reasonable inferences in Fishback's favor, his allegations, taken as true, plausibly allege that a CRA notified Furniture Row of Fishback's dispute, which triggered Furniture Row's duties

under the FCRA.

## II.   FISHBACK HAS PLAUSIBLY ALLEGED THAT FURNITURE ROW REPORTED THE STATUS OF THE DISPUTED FURNITURE ROW ACCOUNT INCOMPLETELY OR INACCURATELY TO THE CRAs.

Fishback's credit file contains language regarding the Furniture Row account, which reflects that the dispute was resolved, but also that Fishback disagreed or continued to dispute the debt.   Furniture Row contends that it accurately reported Fishback's information, and the statements in Fishback's credit reports are not contradictory.   Accuracy in the FCRA context means more than that each word is accurate.   Indeed, the Tenth Circuit in Llewellyn v. Allstate HomeLoans, Inc., stated that the accuracy of each word does not satisfy 15 U.S.C. § 1681s-2(b)(1)(D) of the FCRA when the information a furnisher provides is materially misleading.   See Fourth Supplemental Authority at 1; Llewellyn v. Allstate Home Loans, Inc., 711 F.3d at 1185-86.   See also First Supplemental Authority at 2; Third Supplemental Authority at 1-2 (Fishback argues that Boggio v. USAA Fed. Sav. Bank and Abdelfattah v. Carrington Mortg. Servs. LLC show a trend of courts interpreting § 1681s-2(b)(1)(D) broadly by finding a furnisher reports' incomplete or inaccurate information in violation of the FCRA when the furnisher reports information that is misleading to the extent that it could adversely affect credit decisions).[7]

---

[7] Furniture Row argues that Abdelfattah v. Carrington Mortg. Servs. LLC is factually dissimilar from the matter before the Court and, therefore, should not affect the Court's analysis of the Motion to Dismiss.   Abdelfattah v. Carrington Mortg. Servs. LLC involved Carrington Mortgage Services LLC's ("CMS") report of a debt attributable to Abdelfattah, which Abdelfattah alleged was higher than he actually owed, because he had largely satisfied the debt through the foreclosure sale of his former home.   See 2013 WL 495358 at *3.   The United States District Court for the Northern District of California stated: "[E]ven the technical accuracy of a reported figure does not necessarily insulate a creditor from liability if the report is misleading." 2013 WL 495358 at *3.   The court found that Abdelfattah had sufficiently pled that the debt figure is "incomplete or inaccurate given the amount realized by CMS on the foreclosure sale of

Requiring accuracy prevents unwarranted damage to a consumer's credit.  Congress enacted the FCRA partly to address the problems that inaccurate reporting of credit information causes to consumers' credit reports.  See S. Rep. No. 104-185, at 49 (1995).  Requiring that a furnisher provide accurate information to CRAs furthers that purpose.  See S. Rep. No. 104-185, at 49. The importance of accuracy is seen in the adverse effects that reported debts have on a consumer.  See Saunders v. Branch Banking & Trust Co., 526 F.3d at 149-50.  Where a debt is reported as "charged-off," as Fishback's was, even with the notation that a consumer disagrees with the resolution of the dispute, the indication is that Fishback is financially irresponsible.  See In re Sears, Roebuck and Co. Securities Litig., 291 F. Supp. 2d 722, n.2 (N.D. Ill. 2003).  The entirety of the notation indicating that the dispute is resolved, but the customer disagrees, creates the impression, and potentially the effect, that Fishback is obligated to this debt and has failed to pay on it.  The court in Saunders v. Branch Banking & Trust Co. stated that, where a furnisher reports that a debt is disputed, the CRA would not count the debt towards the calculation of the consumer's credit score.  See Saunders v. Branch Banking & Trust Co., 526 F.3d at 150.  It is not clear here whether Furniture Row's reporting of the Furniture Row account has an adverse

---

Abdelfattah's home."  2013 WL 495358 at *3.  The court stated: "What is potentially misleading . . . is a report that there remains $596,870 owed when that is no longer the case following the foreclosure sale."  2013 WL 495358 at *4.  Furniture Row is incorrect that the issue in Abdelfattah v. Carrington Mortg. Servs. is a dissimilar factual scenario to the issue in Fishback's case.  See Response to Third Supplemental Authority at 2.  The alleged FCRA violation in Abdelfattah v. Carrington Mortg. Servs., like Fishback's alleged violation here, could allow a consumer to be held liable for another person's debt, based upon the information provided by a furnisher alone.  Furthermore, as Fishback argues, Abdelfattah v. Carrington Mortg. Servs. provides additional support for the construction of § 1681s-2(b)(1)(D) to cover reported information that may be incomplete or inaccurate within the meaning of the FCRA not only when technically inaccurate, but also when technically accurate but materially misleading, which

effect on Fishback's credit score, because Furniture Row's report that the dispute is resolved indicates that a CRA would likely not consider the debt an actual dispute and would include the negative information when calculating Fishback's credit score.

Furniture Row has no duty to report meritless disputes.  "It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s-2(b)."  Gorman v. Wolpoff & Abramson, LLP, 584 F.3d at 1163.  The letters from the CRAs and Furniture Row to Fishback indicate that they did not believe that Fishback's dispute had merit.  Fishback asserts that he did not intend to be jointly liable on the Furniture Row account.  Fishback's allegation that someone other than Fishback drew an arrow from Fishback's signature to a space meant for a joint applicant, without Fishback's knowledge, is troublesome, because, based on that arrow alone, Furniture Row reported him as liable on a charged-off account.  Accepting Fishback's well-pleaded allegations as true and drawing reasonable inferences in his favor, it is plausible from the Complaint that Fishback did not agree to be jointly liable on the Furniture Row Account and, thus, his dispute cannot be considered meritless.

The language that Furniture Row used to report Fishback's dispute regarding the Furniture Row account to the CRAs is plausibly misleading to the extent as to be considered incomplete or inaccurate under the FCRA.  Furniture Row contends that reporting the dispute resolved, but the customer disagrees, is a longer way of saying that the Furniture Row account is in dispute.  The statement in Fishback's credit file that the dispute was "resolved" plainly

---

is a construction of § 1681s-2(b)(1)(D) that the Tenth Circuit recently adopted in Lllewellyn v. Allstate Home Loans, Inc., 711 F.3d at 1185-86.

contradicts any such interpretation.  One definition of the term "resolve" is "to reach a decision about: settle."  Resolve (6b), Webster's Third New International Dictionary 1933 (1993).  This definition and the way in which "resolved" is used in this context imply finality, contradicting the second statement in Fishback's credit report regarding his Furniture Row account.  Furniture Row's language regarding the Furniture Row account does not clearly state whether the Furniture Row account is in dispute.  The result of this is that it is not clear whether the Furniture Row account has an adverse effect on Fishback's credit.  Similar to the credit report language at issue in Dalton v. Capital Assoc'd Indus., Inc. and Pinner v. Schmidt, the language here indicating the dispute is resolved, but the customer disagrees, could be interpreted inaccurately and adversely.  A CRA calculating Fishback's credit score could include the negative information, which would lower Fishback's score.  An entity requesting Fishback's credit report to determine Fishback's financial responsibility could conclude that Fishback is financially irresponsible and deny him credit.  As Fishback has plausibly alleged a meritorious dispute, the credit report language regarding the Furniture Row account is plausibly inaccurate under the FCRA because it can be expected to create adverse effects on Fishback and, therefore, Fishback has plausibly alleged a violation of the FCRA for incomplete or inaccurate reporting of his dispute by Furniture Row.

In conclusion, the Court finds that Fishback has a private cause of action against Furniture Row under the FCRA.  The Court further concludes that Fishback plausibly alleges that Furniture Row's reporting regarding his Furniture Row account was inaccurate or misleading, which violated Furniture Row's duty to Fishback under the FCRA.

**IT IS ORDERED** that the Defendant HSBC Retail Services Inc.'s Motion to Dismiss Complaint and Memorandum of Points and Authorities in Support Thereof, filed July 20, 2012 (Doc. 38) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Rob Treinen
Treinen Law Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jennifer G. Anderson
Jeremy K. Harrison
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant HSBC Retail Services, Inc.,*
      *doing business as HSBC Furniture Row*

Patricia Williams
Wiggins, Williams & Wiggins
Albuquerque, New Mexico

--and--

Stephanie Cope
King & Spalding
Atlanta, Georgia

    *Attorneys for Defendant Equifax Information Services LLC*

Angela M. Taylor
Jones Day
Irvine, California

--and--

Charles J. Vigil
Rodey, Dickson, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

*Attorneys for Defendant Experian Information Solutions, Inc.*

Rodney L. Schlagel
Butt, Thornton & Baehr
Albuquerque, New Mexico

--and--

Amanda Loughmiller
Paul W. Sheldon
Strasburger & Price LLP
Frisco, Texas

*Attorneys for Defendant Trans Union LLC*